# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETO L. FERNANDO,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Respondent.<br>_____/ | 1:08-cv-01340-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER LEAVE TO SUBMIT AMENDED PETITION, AND DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 FORM PETITION<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on September 9, 2008. (Court Doc. 1.) Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 1.)

## DISCUSSION

A.　Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not

1  be dismissed without leave to amend unless it appears that no tenable claim for relief can be
2  pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
3  B.     Failure to Name Proper Respondent
4         A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state
5  officer having custody of her as the respondent to the petition.  Rule 2 (a) of the Rules Governing
6  § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California
7  Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an
8  incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because
9  the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d
10 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th
11 Cir. 1994).  As Petitioner is currently in the custody of the California Men's Colony, in San Luis
12 Obispo, California, the current warden of the facility is John Marshall.  However, the chief
13 officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21
14 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation
15 or parole officer and the official in charge of the parole or probation agency or state correctional
16 agency.  Id.
17        In this case, Petitioner names the People of the State of California, as Respondent.
18 Although Petitioner is currently in the custody of the State of California, the State cannot be
19 considered the person having day-to-day control over Petitioner.
20        Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
21 for lack of jurisdiction.  Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
22 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
23 Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect
24 by amending the petition to name a proper respondent.  See West v. Louisiana, 478 F.2d 1026,
25 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
26 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
27 Washington, 394 F.2d 125 (9th Cir. 1968) (same).
28 ///

C. <u>Signature of Petition Under Penalty of Perjury</u>

Petitioner did not utilize the § 2254 form petition and did not sign his document under the penalty of perjury. Local Rule 7-131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Rule 2(c), Rules Governing Section 2254 Cases. The Court will send Petitioner a blank § 2254 form petition for his use in submitting an Amended Petition, to be signed under penalty of perjury.

D. <u>Information Relating to Underlying State Court Conviction</u>

As previously stated, Petitioner did not utilize a § 2254 form petition; rather, Petitioner submitted a self-created document entitled "APPEAL," in which he claims he was sentenced in violation of <u>Cunningham v. California</u>, 549 U.S. 270(2007), and its progeny. Petitioner submits that he raised his claim to the California Supreme Court, and submits a copy of the denial of review, dated September 19, 2007.

In regard to Petitioner's claim, Petitioner did not provide any of the factual information underlying his criminal conviction such as, the nature of his conviction, name and location of court in which his conviction and sentence were imposed, the date and terms of his sentence, and when and where any appeal was filed. Without such critical information, the Court cannot conduct a proper review of the petition. Accordingly, Petitioner should utilize and complete the Court's § 2254 form petition when submitting an amended petition pursuant to this order.

ORDER

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an Amended Petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   **October 8, 2008**           **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE