IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORETO L. FERNANDO,

      Petitioner,                     No. CIV S-08-2610 MCE GGH P

  vs.

JOHN MARSHALL, Warden,         FINDINGS AND RECOMMENDATIONS

      Respondent.

_____/

Introduction

      Petitioner, a state prisoner proceeding with appointed counsel, has filed a petition pursuant to 28 U.S.C. § 2254. Petitioner pled guilty to voluntary manslaughter in Solano County Superior Court, and convicted on November 3, 2005, and, in December 2005, was sentenced to a term of twelve years in prison. Amended Petition (AP), p. 1; respondent's Exhibit 1. The grounds for his amended petition are: 1) Sixth Amendment right to trial by jury violated when judge imposed upper term for voluntary manslaughter (Cal. Penal Code § 192 (a); 2) his Sixth Amendment rights were also violated when the judge, not a jury, imposed a double strike enhancement and petitioner had no prior conviction record. AP, pp. 4-6.

\\\\\

\\\\\

1

Motion to Dismiss

Respondent moves for dismissal on the ground that the petition is barred by the one-year AEPDA statute of limitations. Motion to Dismiss (MTD), pp. 1-4.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner, convicted of voluntary manslaughter, was sentenced on December 16, 2005.[1] Petition, p. 1; MTD, p. 1, respondent's (Resp.) Exhibit (Exh.) 1. No party disputes that petitioner did not appeal the sentence imposed. Respondent correctly contends that the period for direct review expired sixty days thereafter, on February 14, 2006. MTD, p. 2, citing Cal. R. Ct., Rule 8.308(a). Respondent maintains that the AEPDA one-year statute of limitations began to run the next day and expired, absent applicable tolling, on February 14, 2007. MTD, at p. 3, citing Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

---

[1] The abstract of judgment indicates the sentencing hearing was held on December 15, 2005, but was not filed until December 16, 2005; respondent evidently deems the latter (and later) date to be the sentencing date.

Petitioner filed three state court habeas petitions, according to respondent. MTD, p. 2. On March 23, 2007,[2] petitioner filed a habeas petition in Solano County Superior Court, which was denied on June 4, 2007. Resp. Exhs. 2-3. His July 12, 2007, petition to the California Court of Appeal was denied on July 19, 2007. Resp. Exhs. 4-5. Petitioner filed a petition in the California Supreme Court on or about August 6, 2007, which was denied on September 19, 2007. Resp. Exhs. 6-7. Although this matter now proceeds on an amended petition, it was originally filed on September 4, 2008, in the Fresno Division, and subsequently transferred to this court. See Order, filed in this court's docket on November 3, 2008.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. However, § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitation period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitation period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Respondent is correct that the AEDPA deadline had run after February 14, 2007; since the court has found that petitioner's first state habeas petition, even applying the mailbox rule, was not filed until March 23, 2007, respondent is also correct that it was filed more than a month beyond the expiration of the AEDPA one-year statutory deadline. Petitioner's state court habeas petitions cannot toll the running of a statute that had already run. Thus, as no statutory tolling is afforded by the filing of the state habeas petitions, the instant petition was filed some nineteen months beyond the AEDPA deadline and is untimely.

\\\\\

---

[2] Unlike respondent in setting forth these filing dates, the court affords petitioner the benefit of the mailbox rule. Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

Respondent asserts (MTD p. 3) that petitioner is foreclosed from making any argument under § 2244(d)(1)(C), to entitlement to the period of limitation commencing from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been *newly recognized* by the Supreme Court and made retroactively applicable to cases on collateral review...." in relying on Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007),[3] for his claim that his Sixth Amendment right to a jury trial was violated by imposition of the upper term by the trial judge.

In Cunningham, the Supreme Court held that a judge may not find facts which permit the imposition of an upper term sentence. Id. at 293, 127 S. Ct. at 871:

> [O]ur decisions from Apprendi to Booker point to the middle term specified in California's statutes, not the upper term, as the relevant statutory maximum. Because the DSL[4] authorizes the judge, not the jury, to find the facts permitting an upper term sentence, the system cannot withstand measurement against our Sixth Amendment precedent.

In Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth Circuit concluded that Cunningham did not announce a new rule:

> Apprendi[5], Blakely[6] and Booker[7] made "courts throughout the land' aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Citation omitted.] No

---

[3] Cunningham was decided on January 22, 2007.

[4] Determinate sentencing law.

[5] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), held that other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

[6] Blakely v. Washington, 542 U.S. 296, 542 S.Ct. 296 (2004), held that the relevant statutory sentencing maximum is the maximum sentence a judge may impose solely based on the facts reflected in the jury's verdict or admitted by defendant.

[7] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), in addressing the constitutionality of the federal sentencing guidelines, held that if a fact necessarily results in a mandated higher sentence, the fact must be admitted by the defendant or found by the jury.

>    principles of comity or federalism would be served by refusing to
>    apply this rule to functionally indistinguishable state sentencing
>    schemes on collateral review. <u>Cunningham</u> thus did not announce
>    a new rule of constitutional law and may be applied retroactively
>    on collateral review.

<u>Butler</u>, 528 F.3d at 639.

In <u>Butler</u>, 528 F.3d at 634 n. 9, the Ninth Circuit identified the key question:

> Whether Butler asks us to apply to him a Supreme Court decision
> issued after his conviction became final, or to announce the very
> holding that the Supreme Court arrived at in a case decided after
> his conviction became final, we must determine whether the result
> he requests was "dictated" by precedent before his conviction was
> final. See <u>Caspari v. Bohlen</u>, 510 U.S. 383, 395-96, 114 S.Ct. 948,
> 127 L.Ed.2d 236 (1994) (determining whether the result that the
> petitioner was arguing for in his collateral review proceeding
> would require creation of a new rule in violation of <u>Teague</u>). The
> pivotal question is thus the same either way: did <u>Apprendi</u>, <u>Blakely</u>
> or <u>Booker</u> compel the conclusion that California's DSL law
> violates the Sixth Amendment?

In determining that <u>Cunningham</u> was "clearly dictated by the Supreme Court's Sixth Amendment case law, in particular <u>Blakely</u> ...," the Ninth Circuit expressly noted that <u>Blakely</u> had been decided before Butler's conviction had become final. <u>Butler</u>, 528 F.3d at 628. In the instant case, this court has found that petitioner's conviction was final on February 14, 2006, and the AEDPA statute of limitations expired on February 14, 2007. Assuming either <u>Apprendi</u>'s or <u>Blakely</u>'s applicability to the instant action, decided before petitioner's conviction became final, i.e., on June 26, 2000, and on June 24, 2004, respectively, under <u>Butler</u>, the right to a jury trial is a right that was decided and had been recognized before direct review became final in this case. Thus, as respondent maintains, <u>Cunningham</u> did *not* create a *newly recognized* right, and therefore § 2244(d)(1)(C) does not apply herein and petitioner is not entitled to a different commencement date for the running of the statute of limitations from that set forth in § 2244(d)(1)(A). MTD, p. 3, citing <u>Butler</u>, 528 F.3d at 628, 636.

In any case, petitioner does not actually assert this argument in his opposition, rather, he mistakenly believes that the fact that his state court petitions were not denied as

1  untimely means that respondent is estopped from making an untimeliness argument with regard
2  to the filing of his federal petition. Opposition (Opp.), pp. 1. Among the exhibits petitioner
3  relies on is a copy of a letter, directed to him, dated August 15, 2007, apparently from the Deputy
4  Clerk of the Supreme Court of California, granting him "permission to file the untimely petition
5  for review," which the court indicates was filed as of August 15, 2007. Opp., p. 3 (Exh. 1).
6  (This court has granted petitioner the benefit of an earlier filing date for this petition, August 6,
7  2007, in accordance with the mailbox rule). This document, however, does not assist him in this
8  instance as the crucial filing date for petitioner herein was the date upon which he commenced
9  his round of state court collateral challenges. That is, petitioner, as noted, was more than a
10 month beyond the applicable federal statute's limitations period when he filed his initial state
11 court petition, even by liberal application of the mailbox rule, which this court has afforded him.
12 Notwithstanding, any forbearance the state court may have accorded petitioner (and the
13 unauthenticated letter actually makes clear the petition for review would be otherwise untimely),
14 petitioner had already run out of time for AEDPA purposes before he even began the state court
15 petition process, rendering his petition in this court more than a year and a half late.

16      Nor does petitioner's having been able to file this action in this court render his
17 petition timely. Opp., pp. 1, 6-10 (Exhs. 3-4). Under Day v. McDonough, 547 U.S. 198, 202,
18 126 S. Ct. 1675, 1679-1680 (2006), the Supreme Court has determined that a federal court may
19 dismiss a petition sua sponte as untimely when a respondent does not make an intelligent waiver
20 of the statute of limitations defense; however, as such a defense is not "'jurisdictional,'" the court
21 is "under no *obligation* to raise the time bar *sua sponte*." Id. at 205, 126 S. Ct. at 1681 [emphasis
22 in original]. In any event, in this case, unlike as in Day, supra, where the court was permitted to
23 dismiss a petition as untimely even when respondent, albeit due to a miscalculation, had
24 conceded timeliness in an answer, the affirmative defense has been appropriately raised herein in
25 a pre-answer motion by respondent and the motion has been supported with copies of petitioner's
26 state court filings. The Supreme Court has further noted that at the initial screening stage of a

6

habeas petition "information essential to the time calculation is often absent...until the State has filed, along with its answer, copies of documents from the state-court proceedings." Day, supra, at 208 n.6, 126 S. Ct. at 1683 n. 6, citing Pliler v. Ford, 542 U.S. 225, 232, 124 S.Ct. 2441 (2004). Petitioner's reliance on having been permitted to file this petition, therefore, provides him no support for an argument that the petition has therefore previously been deemed timely filed.

As respondent notes in the reply, petitioner has failed to dispute any of the dates set forth in the motion to dismiss. This court has found that petitioner's filing is untimely under the AEDPA statute; therefore, the only question that remains is whether or not petitioner could be entitled to equitable tolling.

Equitable Tolling

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814; Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition). "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]). A petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest the exceptions swallow the rule." Id.

Petitioner makes no argument whatever addressing any grounds for which equitable tolling might be apposite. The arguments he has interposed, noted above, for the timeliness of his petition are simply based on a misunderstanding of the applicable law. However, unfortunately for petitioner, neither "[m]ere excusable neglect" ( Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998)), nor ignorance of the law (Hughes v.

7

Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)), constitutes the requisite extraordinary circumstances that might warrant equitable tolling. This petition should be dismissed as untimely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 7, 2009 (docket entry # 19), motion to dismiss the petition as untimely be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 06/24/09

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
fern2610.mtd